William J. WALTERS

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Social Security Administration.

Civ. A. No. 59–317–F.

United States District Court
D. Massachusetts.

July 18, 1960.

Julius Stone, Stone & Glaser, Boston, Mass., for plaintiff.

Harold Katz, Asst. U. S. Atty., Boston, Mass., for defendant.

FRANCIS J. W. FORD, District Judge.

Plaintiff brings this action under § 205(g) of the Social Security Act, 42

U.S.C.A. § 405(g) for review of a decision denying payment of certain monthly benefits to which plaintiff claims he is entitled under the Act. The facts appear to be undisputed and defendant moves for summary judgment.

Plaintiff has been totally blind and disabled since an industrial accident in 1955. Following his accident plaintiff received payments of $30 per week under the Massachusetts Workmen's Compensation Law until September of 1957. On September 20, 1957, the Massachusetts Industrial Accident Board approved an agreement between the plaintiff and the workmen's compensation insurer for a lump sum payment to the plaintiff under Mass.G.L. Ch. 152, § 48.

In July of 1957 plaintiff became eligible for disability insurance benefits in the amount of $93.30 per month under § 223 of the Social Security Act, 42 U.S. C.A. § 423. No actual payment was made, however, since it was determined that an offset of $130 per month was applicable under § 224 of the Social Security Act, 42 U.S.C.A. § 424 because of the weekly workmen's compensation payments then being received by plaintiff. Plaintiff does not complain of this determination.

After September 20, 1957, plaintiff again requested payment of the $93.30 monthly benefit. This was denied, hearing was held on plaintiff's request before a referee of the Appeals Council of the Social Security Administration who ruled that plaintiff was not entitled to the payments and the Appeals Council denied review. The grounds for the refusal to make the payment requested by the plaintiff was the determination that because of the lump sum payment received by the plaintiff under the agreement of September 20, 1957, the offset of $130 a month was still applicable under § 224(b) of the Act which provides:

"(b) If any periodic benefit referred to in subsection (a) (2) of this section is determined to be payable on other than a monthly basis (excluding a benefit payable in a lump sum unless it is a commutation of, or a substitute for, periodic payments), reduction of the benefits under this section shall be made at such time or times and in such amounts as the Secretary finds will approximate, as nearly as practicable, the reduction prescribed in subsection (a) of this section." [1]

The issue is whether the lump sum payment is a commutation of, or a substitute for, the periodic payments which plaintiff would otherwise have received, since unless it is such a substitute or commutation it does not under § 224(b) require any reduction in benefit payments to plaintiff. It is clear that, as the referee found, the lump sum payment here involved was not a commutation of the periodic payments to which plaintiff would otherwise be entitled, that is, it was not a payment in an amount determined by actuarial methods to be a present equivalent of such future periodic payments. Massachusetts law does not require that the amount of the lump sum payment be determined on that basis and there is nothing to show that it was so determined in this case. But regardless of how the amount was determined, plaintiff in return for payment of the lump sum surrendered his claim to future periodic payments. McCarthy's Case, 226 Mass. 444, 115 N.E. 764. The agreement which he signed agreed that it was to be received in redemption of the liability of the insurer for all weekly payments now or in the future due him under the Workmen's Compensation Act for all injuries received in the accident in which he was involved. He received the lump sum in place of the future periodic payments. Hence it was clearly, as the referee found, a substitute for such periodic payments. The fact that plaintiff had no absolute right to receive

1. § 224 was repealed by Pub.L. 85–840, Title II, § 206, August 28, 1958, 72 Stat. 1025. Since September 1, 1958, the plaintiff has been receiving the $93.30 monthly disability payments. Involved here is solely his right to receive such payments for the period from September 20, 1957, to September 1, 1958.

such a substitute and that a lump sum payment could be made only by agreement of the parties, subject to approval by the division of industrial accidents, Mass.G.L. Ch. 152, § 48, does not in any way alter the nature of the lump sum payment when made. It is still received in redemption of the future periodic payments and as a substitute for them.

This interpretation of the nature of a lump sum payment under the Massachusetts Workmen's Compensation Act is supported by the provisions of Mass.G.L. Ch. 32, dealing with retirement systems for public employees, which provides in § 14 that:

> "Any employee who was a member in service at the time of sustaining an injury or undergoing a hazard on account of which he becomes entitled to payments under the provisions of chapter one hundred and fifty-two, shall, during the period while he is receiving weekly payments for total incapacity under the provisions of sections sixty-nine to seventy-nine inclusive of such chapter, or during any period, determined as set forth in paragraph (c) of this subdivision, represented by the allocation of the amount of any lump sum settlement payable directly to him under the provisions of section forty-eight of such chapter in lieu of such weekly payments, and also in either event during a further period of thirty days, retain all the rights of a member in service while he is living, unless and until a retirement allowance becomes effective for him under the provisions of sections one to twenty-eight inclusive * * *."

For this purpose, at least, Massachusetts treats the lump sum payment in the same way as the Social Security Administration has treated it in the present case. The lump sum payment is regarded as replacing the periodic payments and the recipient is treated as if he had continued to receive periodic payments until a total equal to the full amount of the lump sum payment had been received.

Gannon v. Contributory Retirement Appeal Board, 338 Mass. 628, 156 N.E.2d 654.

Defendant's motion for summary judgment is allowed and judgment will be entered affirming the decision of the Secretary of Health, Education and Welfare.