**Hubert F. LADNER, Plaintiff,**

**v.**

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. A. No. 3658.**

United States District Court
S. D. Mississippi, S. D.

Sept. 3, 1969.

M. D. Tate, II, Smith & Smith, Picayune, Miss., for plaintiff.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., for defendant.

NIXON, District Judge.

This is a suit brought pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), by Hubert F. Ladner (hereinafter referred to as Claimant) to review a final decision of the Secretary on September 20, 1968. The Hearing Examiner determined that Claimant's disability insurance benefits were subject to offset deductions under section 224 of the Act, 42 U.S.C. § 424a. This decision was held to be correct by the Appeals Council and thus subject to review by this Court.

The operative facts are as follows. Claimant is 47 years old, married, and has six children, four of whom are under 18 years of age. He is a high school graduate with two years of college credits. He was discharged from the Army in 1945 with a pension for 20 percent disability due to a back injury and mental condition. This pension has since been raised to total disability in the amount of $119.00 monthly. On November 12, 1965, Claimant injured his knee while employed at Ingalls Shipyard. This injury rendered him unable to walk and required periodic drainage. In March of 1966, a cartilage was removed from the knee but the operation was unsuccessful. Later in 1966, a patellectomy was performed but this still led to little improvement. A complete knee fusion has been recommended but there has been no arthrodesis as Claimant's condition is complicated by chronic thrombophlebitis in the right leg.

From March 2, 1966 to February 7, 1967, Claimant received temporary total disability payments of $70.00 per week totaling $3,430.00. Thereafter, it was determined that Claimant had lost 52.5

per centum use of his right leg. Title 33, U.S.C. § 908(c) of the Longshoremen's and Harbor Workers' Compensation Act provides:

"(c) Permanent partial disability: In case of disability partial in character but permanent in quality the compensation shall be 66⅔ per centum of average weekly wages, which shall be in addition to compensation for temporary total disability or temporary partial disability paid in accordance with subdivision (b) or subdivision (e) of this section respectively, and shall be paid to the employee, as follows:

\*    \*    \*    \*    \*    \*

"(2) Leg lost, two hundred and eighty-eight weeks' compensation.

\*    \*    \*    \*    \*    \*

"(19) Partial loss or partial loss of use: Compensation for permanent partial loss or loss of use of a member may be for proportionate loss or loss of use of the member."

Thus, under this schedule, Claimant became entitled to 151.2 weeks' compensation (52.5% of 288 weeks) totaling $10,584.00. Beginning February 8, 1967, claimant was paid 55⅘ weeks compensation at $70.00 per week and on November 11, 1967, he received, upon his application, a lump sum payment for the balance of the 151.2 weeks.

Pursuant to section 223 of the Social Security Act, 42 U.S.C. § 423, Claimant, having established a period of disability beginning March 2, 1967, was awarded disability insurance benefits for himself and family. These benefits, however, were subsequently reduced upon the determination that he was also receiving workmen's compensation benefits. This offset was made under the provisions of section 224 of the Social Security Act, 42 U.S.C. § 424a(a) (b) which provides:

"(a) If for any month prior to the month in which an individual attains the age of 62—

(1) such individual is entitled to benefits under section 423 of this title, and

(2) such individual is entitled for such month, under a workmen's compensation law or plan of the United States or a State, to periodic benefits for a total or partial disability (whether or not permanent), and the Secretary has, in a prior month, received notice of such entitlement for such month,

the total of his benefits under section 423 of this title for such month and of any benefits under section 402 of this title for such month based on his wages and self-employment income shall be reduced (but not below zero) by the amount by which the sum of * * *.

"(b) If any periodic benefit under a workmen's compensation law or plan is payable on other than a monthly basis (excluding a benefit payable as a lump sum except to the extent that it is a commutation of, or a substitute for, periodic payments), the reduction under this section shall be made at such time or times and in such amounts as the Secretary finds will approximate as nearly as practicable the reduction prescribed by subsection (a) of this section."

The correctness of the amount by which Claimant's Social Security benefits were reduced is not questioned. The sole issue before this Court is whether or not the reduction provisions of section 224 should be applied against the Claimant herein.

Claimant first contends that when a scheduled injury under section 908(c) of the Longshoremen's and Harbor Workers' Compensation Act is established, the offset provision should not apply. The payments for permanent partial disability under this schedule, Claimant asserts, were for the loss of use of his right leg and would have been made regardless of any loss of earning power. This same view is expressed by the Assistant Deputy Commissioner, United States Department of Labor, in a letter concerning Claimant's request for a lump sum award (Exhibit 16a). In this same line, Claimant suggests a distinction between a claim based upon a loss under the Longshoremen's Act (loss of a scheduled member) and a claim based upon the same loss under the Social Security Act (inability to engage in substantial gainful activity), the test for each being quite dissimilar. While it is true that the loss of earning capacity should not be considered in determining that a particular impairment falls within the schedule and in the resulting entitlement to compensation, such a determination does in fact establish a loss of earning capacity.

"Congress has determined that a loss of wage earning capacity and its extent are conclusively established when one of the enumerated physical impairments is proven to have arisen out of the employment." Travelers Insurance Co. v. Cardillo, 225 F.2d 137, 144 (C.A. 2 1955) cert. den. 350 U.S. 913, 76 S.Ct. 196, 100 L.Ed. 800; Bethlehem Steel Co. v. Cardillo, 229 F.2d 735 (C.A. 2 1955).

The extent of the loss of earning capacity is therefore limited by the amount specified in the schedule. Williams v. Donovan, 234 F.Supp. 135 (D.C.1964), 367 F.2d 825 (C.A. 5 1966). Thus, the term disability, as defined by 902(10) of the Longshoremen's Act to mean "incapacity because of injury to earn the wages which the employee was receiving at the time of injury * * *", is applicable to both scheduled as well as other compensation benefits under the Act. In light of the foregoing, Claimant's further contention as to the dissimilarity of test under the two Acts is without merit, the reason for disability payments under both being substantially the same. The language of section 224(a) (2) of the Social Security Act is clear. If an individual is entitled to "periodic benefits for total or partial disability (whether or not permanent)" "under a workmen's compensation law or plan of the United States or a State", then Social Security

payments shall be reduced accordingly. Claimant herein is entitled to permanent partial disability payments for a 52.5% loss of use of his right leg under the Longshoremen's Act, a workmen's compensation plan of the United States. The determination that a particular impairment falls within the schedule provided for in section 908(c) of the Longshoremen's Act does not prevent the application of the offset provisions of section 224(a) of the Social Security Act.

On November 11, 1967, Claimant, upon his application, received a lump sum payment of $6,694 representing the balance of the total amount due under the schedule for permanent partial disability payments of $70.00 per week for a period of 151.2 weeks. This award was made pursuant to section 914(j) of the Longshoremen's Act which provides:

"Whenever the deputy commissioner determines that it is in the interest of justice, the liability of the employer for compensation * * * may be discharged by the payment of a lump sum equal to the present value of future compensation payments commuted * * *."

It is the contention of the Claimant that this award falls within the exclusion contained in section 224(b) which provides that:

"If any periodic benefit under a workmen's compensation law or plan is payable on other than a monthly basis (excluding *a benefit payable as a lump sum except to the extent that it is a commutation of, or a substitute for, periodic payments * * *.*" (Emphasis supplied)

Claimant's contention is without merit. The lump sum award was without any doubt a commutation or a substitute for the permanent partial disability payments of $70.00 per week. The employer's liability to compensate claimant for his disability was properly discharged by this payment representing the balance on 151.2 weeks of compensation due.

(Exhibit 22) Claimant questions when, if not in the situation under consideration, a lump sum payment would be excluded from the reduction provision. An examination of the purpose of this section provides the answer to this query:

"Since in some workmen's compensation cases, workers incur medical, legal, or related expenses in connection with their workmen's compensation claims, or in connection with the injuries they have suffered, and since the workmen's compensation awards are generally understood to include compensation for these expenses (except to the extent that special provision is made in the award to cover them or they are provided without cost to the worker), for the purpose of this section the Secretary would not, in computing the amount of the periodic benefit payable to an individual under a workmen's compensation program, include any part of the workmen's compensation lump sum or benefit which he finds is equal to the amount of such expenses paid or incurred by the worker." Senate Report No. 404, United States Code Congressional and Administrative News, 1965, pp. 2200, 2201.

Case authority in this particular area is minimal to say the least. The Defendant, Secretary, cites only two related cases while the Claimant presents none. Although the cases cited by the Defendant dealt with reductions due to the receipt of state workmen's compensation benefits, both held in effect that the lump sum payment was to be regarded as replacing the periodic payments and the offset should continue periodically for that period of time represented by the lump sum award. Walters v. Flemming, 185 F.Supp. 288 (D.C.Mass., 1960); Knapczyk v. Ribicoff, 201 F.Supp. 283 (N.D.Ill., 1962).

After a careful review of the record and the briefs of both parties, including the cases and authority cited therein, this Court is of the opinion that the findings

made by the Secretary are supported by substantial evidence and the Secretary applied the proper legal standards. The decision of the Secretary is affirmed and his Motion for Summary Judgment is granted.

A judgment accordingly shall be presented to the Court.