**Henry IGLINSKY**

v.

**Robert H. FINCH, Secretary of Health, Education & Welfare.**

**Civ. A. No. 14261.**

United States District Court,
W. D. Louisiana,
Lafayette Division.

April 9, 1970.

Edwards, Edwards & Broadhurst, Nolan J. Edwards, Crowley, La., for plaintiff.

Donald E. Walter, U. S. Atty. and L. H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant.

MEMORANDUM RULING
ON MOTION

PUTNAM, District Judge.

This is a suit by claimant against the Secretary of Health, Education and Welfare (Secretary) pursuant to Section 205(g) of the Social Security Act (Act), 42 U.S.C. § 405(g), to review a final de-

termination of the agency adverse to him. The pertinent facts out of which this review arises are not in dispute and give rise only to a question of law.

Claimant was awarded disability insurance benefits and a period of disability commencing September 23, 1965, the date of his injury in an industrial accident. By virtue of the same accident, his employer voluntarily began paying claimant weekly workmen's compensation benefits of $35.00 on about October 26, 1965, under the Louisiana Workman's Compensation Law, LSA–R.S. 23:1201 et seq. The record also shows that claimant's employer voluntarily paid him maximum medical benefits of $2500.00 required by the Louisiana law in addition to the weekly compensation of $35.00.[1]

The total of claimant's actual medical expenses incurred as a result of the accident are shown to be $4930.70, or $2430.70 more than the statutory maximum paid by his employer. Claimant maintains that because he actually incurred and paid medical expenses of $2430.70 out of his own pocket, over and above the $2500 paid by his employer, that this should be deducted from the weekly benefits of $35.00 he has been receiving, before the Secretary computes the workmen's compensation offset as provided for in Section 224(a) of the Act, 42 U.S.C.A. § 424a. See also: 20 C.F.R. § 404.408.

The issue presented is whether the Secretary's decision is correct in holding that claimant's nonreimbursed medical expenses cannot be considered in determining whether his social security benefits are to be reduced in light of the periodic workmen's compensation payments he receives.

Section 224(a) of the Act, 42 U.S.C.A. § 424a, requires that a claimant's social security disability insurance benefits be subjected to a reduction according to the formula therein contained if he is also receiving Workmen's Compensation benefits.[2] The purpose of the Congress in enacting this provision was to preclude a claimant from receiving excessive combined benefits for the same disability. See: U.S.Code Congressional and Administrative News, 1965 at p. 2040, Pub.Law 89–97. The Congress, however, also recognized that part of the Workmen's Compensation award might not be to compensate for the disability occasioned, but instead was merely a reimbursement for medical expenses incurred. To this extent that portion of an award would be excluded from consideration for offset purposes.[3] *Id.*

It must be noted that the plaintiff's social security benefit as actually reduced, was not reduced by the whole amount of the Workmen's Compensation payment of approximately $140 per month ($35.00 per week),[4] but was reduced pursuant to the statutory formula in the amount of only $17.60 per month

---

1. See LSA–R.S. 23:1031, 1202 and 1203.

2. "The bill provides that the social security disability benefit for any month for which a worker is receiving a workmen's compensation benefit will be reduced to the the extent that the total benefits payable to him and his dependents under both programs exceed 80% of his average monthly earnings prior to the onset of disability but with the reduction periodically adjusted to take account of changes in national average earnings levels. The offset provision will be applicable with respect to benefits payable for months after December, 1965 based on applications filed after December, 1965." U.S.C. Congressional and Administrative News 1965, p. 1955, Pub.L. 89–97.

3. See Title 20, C.F.R. § 404.408(d). It is also noted that medical expenses are not part of the compensation provided for under the Workmen's Compensation Law of Louisiana. Brown v. Travelers Ins. Co. (1965) 247 La. 7, 169 So.2d 540.

4. Under the original section 224 of the Social Security Act effective for months after June, 1957, 70 Stat. 816, 818, and repealed effective August 1958, 72 Stat. 1025, 1026, the reduction was on a dollar for dollar basis, i. e., the social security benefit was reduced by the full amount of periodic benefit. See Walters v. Flemming, 185 F.Supp. 288 (D.Mass. 1960).

(Tr. 24). His social security benefit then became $98.00 per month (Tr. 25).

Considering the foregoing provisions in light of the record as a whole and, notwithstanding the unfortunate position of claimant,[5] we hold that the non-reimbursed medical expenses cannot be considered in determining the offset amount under the Act.

Accordingly, the Secretary's motion should be, and the same is hereby, granted.

An appropriate decree shall be submitted to the court by the Secretary pursuant to Rule 9(e) of the Western District of Louisiana.

---

5. LSA–R.S. 23:1203 was amended in 1968 raising the statutory maximum for medical expenses payable by the employer from $2500 to $12,500.00.