Martha M. GRAVES, Plaintiff,

v.

Elliot Lee RICHARDSON, Secretary of
Health, Education and Welfare,
Defendant.

Civ. A. No. 72-C-30-C.

United States District Court,
W. D. Virginia,
Charlottesville Division.

June 1, 1973.

C. Waverly Parker, Stanardsville, Va.,
for Martha M. Graves.

Birg E. Sergent, Asst. U. S. Atty.,
Roanoke, Va., for defendant.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This is a suit brought pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) by Martha M. Graves to review a final decision of the Secre-

tary on August 5, 1971. The hearing examiner determined that plaintiff's disability insurance benefits were subject to offset deductions under section 224 of the Act, 42 U.S.C. § 424a. This decision was held to be correct by the Appeals Council on September 12, 1972, and thus subject to review by this court.

The hearing examiner made the following findings of fact and conclusions of law: 1. Plaintiff suffered from back injuries and a period of disability was established commencing February 8, 1969 and terminating December 1970, with the last disability benefit payment made in February 1971. 2. Since her original period of disability, plaintiff has had three unsuccessful back operations and the evidence does not disclose that she had medical improvement or successfully completed a nine month trial work period, or is engaging in substantial gainful work activity so that her benefits should be terminated. 3. Plaintiff is still under a disability within the meaning of the Social Security Act and the Regulations through the date of this decision (August 5, 1971). 4. Plaintiff did in fact receive an overpayment of Social Security Disability Insurance Benefits due to the fact that retroactive Workmen's Compensation payments were made to her, which she did not know that she would receive, at the time she was receiving the Social Security Disability benefits. 5. Plaintiff was "without fault" in receiving said overpayment. 6. Plaintiff should not be required to reimburse the Government or have adjustments made against future entitlement on the past overpayment, as she was without fault, and to recover same would defeat the purpose of Title II. 7. As to her future entitlement under this decision, $3400 of the lump sum settlement ($4,000 less $600 attorney fee) is subject to the deductions or offset in Section 224 of the Social Security Act. 8. Plaintiff should continue to receive disability insurance benefits, subject to the offset for Workmen's Compensation payments under the provisions of Section 224.

The sole issue in dispute here is the $3400 lump sum settlement under Workmen's Compensation which the hearing examiner said is subject to offset under Section 224 of the Social Security Act. Plaintiff alleges that Section 224 of the Social Security Act does not require any such deduction and seeks reversal of the Secretary's decision. Defendant asks for summary judgment and dismissal of the action.

In a subsequent motion for judgment filed by plaintiff on March 7, 1973, plaintiff states that the $3400 lump sum fee was received in settlement of a contested workmen's compensation claim and not as a workmen's compensation award and the question for review is whether the payment can under the provisions of Section 224 of the Social Security Act be deducted from future disability payments due plaintiff.

The offset was made under the provisions of Section 224 of the Social Security Act, 42 U.S.C. § 424a(a), (b) which provides:

(a) If for any month prior to the month in which an individual attains the age of 62—

(1) such individual is entitled to benefits under section 423 of this title, and

(2) such individual is entitled for such month, under a workmen's compensation law or plan of the United States or a State, to periodic benefits for a total or partial disability (whether or not permanent), and the Secretary has, in a prior month, received notice of such entitlement for such month,

the total of his benefits under section 423 of this title for such month and of any benefits under section 402 of this title for such month based on his wages and self-employment income shall be reduced (but not below zero) by the amount by which the sum of
\* \* \*

(b) If any periodic benefit under a workmen's compensation law or plan is payable on other than a monthly basis (excluding a benefit payable as a lump sum except to the extent that it is a commutation of, or a substitute for, periodic payments), the reduction under this section shall be made at such time or times and in such amounts as the Secretary finds will approximate as nearly as practicable the reduction prescribed by subsection (a) of this section.

The language of Section 224(a)(2) of the Social Security Act is clear. If an individual is entitled to "periodic benefits for total or partial disability (whether or not permanent)" "under a workmen's compensation law or plan of the United States or a State," then Social Security payments shall be reduced accordingly.

Enclosed as an exhibit in the hearing examiner's file is an order by the Commissioner of the Industrial Commission of Virginia dated December 18, 1970, which states that "the claimant shall be paid by the defendant (an insurance carrier representing her former employer) the sum of Four thousand ($4,000.00) Dollars, together with compensation paid up to date and medical expenses paid up to date *in full extinguishment of the claimant's rights under the Workmen's Compensation Laws of this State* . . ." (emphasis added).

The hearing examiner states in his evaluation of evidence on page 24 of the transcript,

Irregardless of what the attorney might choose to call this settlement, whether it be a nuisance settlement of a questionable claim, a substitute for a claim to Workmen's Compensation benefits, or whatever, the fact remains that the money was paid to the claimant by an insurance carrier representing her former employer for an injury which she received while on the job. It is clearly a Workmen's Compensation payment and although not specifying the weeks for which it is

paid, it can be broken down to $51 per week or the divisible period proportionally to her share of $3400.

This court agrees with the hearing examiner's interpretation of this payment and finds that plaintiff was being paid workmen's compensation benefits in a lump sum "in full extinguishment of the claimant's rights under the Workmen's Compensation Laws of this State . . . " as stated by the Commissioner of the Industrial Commission of Virginia in his order dated December 18, 1970. Whatever it may be called by plaintiff, it is still a workmen's compensation benefit payable in a lump sum as a substitute for periodic payments in compliance with Section 224(b) of the Act:

> If any periodic benefit under a workmen's compensation law or plan is payable on other than a monthly basis (excluding *a benefit payable as a lump sum except to the extent that it is a commutation of, or a substitute for, periodic payments* * * *
> (emphasis added)

Other courts have held that a workmen's compensation lump sum award is to be regarded as a substitute for periodic permanent disability payments and as such can be offset against social security disability insurance benefits. Ladner v. Secretary of Health, Education and Welfare, 304 F.Supp. 474 (S.D. Miss.1969); Knapczyk v. Ribicoff, 201 F.Supp. 283 (N.D.Ill.1962); Walters v. Flemming, 185 F.Supp. 288 (D.C.Mass. 1960).

Therefore, it is the conclusion of this court that the Secretary's decision that plaintiff should continue to receive disability insurance benefits, subject to the offset for workmen's compensation payments under the provisions of Section 224, is supported by more than substantial evidence and the Secretary applied the proper legal standards.

Accordingly, summary judgment should be and hereby is granted to the defendant, and the action is dismissed.