PER CURIAM.
The only issue before the Judge of Industrial Claims in this case was whether the employer/carrier was entitled to take the social security off-set in Section 440.15(10), Florida Statutes (1977), in paying benefits to the claimant for permanent partial disability. The Judge held that Section 440.-15(10)(c) is ambiguous and that the off-set did not apply to benefits other than those for total disability, whether temporary or permanent. We agree with the appellant that the set-off is applicable to all weekly benefits, whether permanent, temporary, total or partial. The federal statute is clear. Where there is no set-off in the worker’s compensation law, an “individual . entitled . . . under a workman’s compensation law ... to periodic benefits for a total or partial disability . ” will be subject to the social security set-off. 42 U.S.C. § 424a(a)(2). That statute has been interpreted to require the social security set-off where, under the Michigan statute, the claimant was not compensated for actual disability, but in an “arbitrarily determined [amount] paid for the loss of a specific portion of the body.” Grant v. Weinberger, 482 F.2d 1290, 1292 (6th Cir. 1973). Accord, Ladner v. Secretary of Health, Education and Welfare, 304 F.Supp. 474 (S.D.Miss.1969). In Graves v. Richardson, 358 F.Supp. 1310, 1312 (W.D.Va.1973), the plaintiff’s lump sum and settlement of a contested worker’s compensation claim was set off, the court agreeing with the administrative finding that the payment was a “workman’s compensation benefit payable in a lump sum as a substitute for periodic payments . . . .”
Here, the Judge based his interpretation of the Florida statute on one sentence in Section 440.15(10)(c): “Neither the division nor the employer or carrier shall make any payment of benefits for total disability . for any period during which the employee willfully fails or refuses to authorize the release of information in the manner . . . prescribed by said rules.” He reasoned that, since the penalty applied only to those compensated for total disability, the set-off is only applicable to benefits for total disability. That belies the statement in Section 440.15(10)(a), that the set-off applies to “[wjeekly compensation benefits payable under this chapter for disability resulting from injuries to an employee who becomes eligible for benefits under 42 U.S.C. § 423 . . . .” In Capitol Lincoln Mercury, Inc. v. Knowles, IRC Order 2-3756 (1979) and Hernandez v. Seabird Industries, Inc., IRC Order 2-3117 (1977), cert. den. 355 So.2d 514 (Fla.1978), the set-off was applied to partial disability benefits. We believe a fair construction of the statute allows the set-off in this case. In any event, the Judge’s interpretation would leave the federal agency free to set off social security benefits where Florida’s law did not.
The order of the Judge of Industrial Claims is reversed as to the substantive issue and insofar as it awards attorney’s fees to the appellee.
ERVIN, SHIVERS and SHAW, JJ., concur.