Larry BLACK, Plaintiff-Appellant,

v.

Richard S. SCHWEIKER,* Secretary of Health and Human Services, Defendant-Appellee.

No. 79–4653.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 1981.

Decided Feb. 1, 1982.

Steven C. Yates, Malagon & Yates, Eugene, Or., for plaintiff-appellant.

Judith D. Kobbervig, Asst. U. S. Atty., Portland, Or., for defendant-appellee.

---

* We substitute Richard S. Schweiker, the Secretary of Health and Human Services, as successor to the original appellee Joseph Califano, a former Secretary, pursuant to Fed.R.App.P. 43.

Before WALLACE, FLETCHER and NORRIS, Circuit Judges.

WALLACE, Circuit Judge:

Black appeals from a judgment of the district court affirming a decision of the Secretary of Health, Education and Welfare (now Health and Human Services), to reduce Black's disability insurance benefits by the amount of his workers' compensation settlement. We affirm.

Black claimed to have been disabled by an injury he received while working. His employer denied liability for Black's condition, but agreed to a lump sum settlement of the claim in the amount of $20,000, pursuant to Or.Rev.Stat. § 656.289(4).[1] After this settlement, the Social Security Administration notified Black that, pursuant to 42 U.S.C. §§ 424a(a) & (b),[2] the disability insurance benefits he had been receiving would be reduced to reflect the value of the settlement. Black contends that the offset was improper.

Black argues that the settlement with his employer was not "a commutation of, or a substitute for, periodic [workers' compensation] payments" within the meaning of 42 U.S.C. § 424a(b) and thus could not properly be offset against his disability benefits. Black insists that, under Oregon law, the lump sum payment he received was in settlement of a claim that was not yet established and therefore cannot be considered a substitute for periodic payments. He supports this contention by calling to our attention that, under Oregon law, a bona fide dispute over the compensability of the claim is a prerequisite to a valid workers' compensation settlement. *See Schulz v. State Compensation Dep't*, 252 Or. 211, 448 P.2d 551 (1968) (en banc). The Secretary, on the other hand, argues that the settlement is clearly a substitute for whatever periodic payments Black might otherwise have been entitled to receive pursuant to Oregon workers' compensation law.

---

1. Or.Rev.Stat. § 656.289(4) (1979) provides:

   Notwithstanding ORS 656.236, in any case where there is a bona fide dispute over compensability of a claim, the parties may, with the approval of a referee, the board or the court, by agreement make such disposition of the claim as is considered reasonable.

   Or.Rev.Stat. § 656.236(1) (1979) provides:

   No release by a worker or his beneficiary of any rights under ORS 656.001 to 656.794 [workers' compensation] is valid.

2. 42 U.S.C. § 424a(a) (Supp. II 1978) provides in part:

   If for any month prior to the month in which an individual attains the age of 62—
   (1) such individual is entitled to benefits under section 423 of this title, and
   (2) such individual is entitled for such month, under a workmen's compensation law or plan of the United States or a State, to periodic benefits for a total or partial disability (whether or not permanent) and the Secretary has, in a prior month, received notice of such entitlement for such month,
   the total of his benefits under section 423 of this title for such month and of any benefits under section 402 of this title for such month based on his wages and self-employment income shall be reduced (but not below zero) by the amount by which the sum of—

   (3) such total of benefits under sections 423 and 402 of this title for such month, and
   (4) such periodic benefits payable (and actually paid) for such month to such individual under the workmen's compensation law or plan,
   exceeds the higher of—
   (5) 80 percentum of his "average current earnings", or
   (6) the total of such individual's disability insurance benefits under section 423 of this title for such month and of any monthly insurance benefits under section 402 of this title for such month based on his wages and self-employment income, prior to reduction under this section.

   42 U.S.C. § 424a(b) (1976) provides:

   If any periodic benefit under a workmen's compensation law or plan is payable on other than a monthly basis (excluding a benefit payable as a lump sum except to the extent that it is a commutation of, or a substitute for, periodic payments), the reduction under this section shall be made at such time or times and in such amounts as the Secretary finds will approximate as nearly as practicable the reduction prescribed by subsection (a) of this section.

We agree with the Secretary. Black does not, and cannot, contend that the settlement was for something other than a claim arising out of an injury he received while on the job. In his brief, he admits that, having agreed to the lump sum settlement, he is barred from asserting any claim for compensation under Oregon workers' compensation law. The settlement itself relieves Black's employer of liability for whatever payments may be due to Black under that law on account of injuries received in the accident. Where the right to and liability for periodic workers' compensation payments are thus extinguished by a voluntary settlement, the settlement can only be regarded as a "substitute" for the payments. *Graves v. Richardson*, 358 F.Supp. 1310, 1311 (W.D.Va.1973). The fact that Black had no absolute right to receive such a substitute, and that the settlement was subject to the approval of a referee, the Board, or the court, Or.Rev.Stat. § 656.-289(4), does not alter its nature. *See Walters v. Flemming*, 185 F.Supp. 288, 289–90 (D.Mass.1960).

We need not and do not hold that every compromise of a workers' compensation claim is a substitute for periodic payments within the meaning of 42 U.S.C. § 424a(b). For example, it may well be that a lump sum settlement of a claim under Or.Rev. Stat. § 656.204(1), which provides for burial costs not exceeding $1,000, or a settlement of a final payment made to a surviving spouse under Or.Rev.Stat. § 656.204(2)(c), are not in lieu of periodic payments. But the case before us is different. Black claims disability as a result of psychological problems allegedly caused by an on-the-job injury. This injury could be either a permanent partial disability under Or.Rev.Stat. § 656.214 or a temporary partial disability under Or.Rev.Stat. § 656.212, both of which provide for compensation payments on a periodic basis.[3] Since Black's settlement with his employer meant that he surrendered his claim to periodic payments under either of these sections, the settlement must be considered a "commutation of, or a substitute for, periodic payments" pursuant to 42 U.S.C. § 424a(b). We therefore affirm the decision of the Secretary to offset the amount of Black's settlement against his disability insurance benefits.

AFFIRMED.

FLETCHER, Circuit Judge, concurring in the result:

I agree with the majority's conclusion that Black has failed to prove that his settlement was not a substitute for periodic payments. I would, however, leave open the question of what workers' compensation payments, under Oregon law, are payable as a lump sum. The question was not argued to or decided by the district court. Accordingly, I would not decide it here. I nonetheless concur in the result since Black has not sustained the burden imposed on the claimant to show what part of a workers' compensation settlement is not a substitute for periodic payments. 20 C.F.R. § 404.408(d) (1980).

---

**3.** Or.Rev.Stat. § 656.216 provides for periodic payments in cases of permanent partial disability. Or.Rev.Stat. § 656.230 gives the Workers' Compensation Board the discretion to order, upon application of the worker, that the unpaid award of periodic payments for permanent partial disability be paid to the worker in a lump sum. Although Black might argue that the settlement at issue here was in lieu of a lump sum payment under this section, this would not alter its characterization as a commutation of, or substitute for, periodic payments. The discretionary accelerated payment provided by section 656.230 is itself just a commutation of, or substitute for, the periodic payments available under Or.Rev.Stat. § 656.214 (permanent partial disability) and § 656.216 (method of payment).