**John KLEJA, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security,[1] Defendant.**

**No. 6:01–CV–160–ORL–JGG.**

United States District Court, M.D. Florida, Orlando Division.

Feb. 14, 2002.

---

**1.** Jo Anne B. Barnhart became Commissioner of Social Security on November 9, 2001. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Jo Anne B. Barnhart should be substituted, therefore, for Larry G. Massanari, as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Mary Ann Sloan, Chief Counsel, Dennis R. Williams, Deputy Chief Counsel, Paul Jones, Assistant Regional Counsel, Office of the General Counsel, Region IV, Social Security Administration, Atlanta, GA.

Susan Roark Waldron, Assistant United States Attorney, Tampa.

## ORDER

GLAZEBROOK, United States Magistrate Judge.

Plaintiff appeals to the district court from a final decision of the Commissioner of Social Security [the "Commissioner"] finding that the Commissioner had properly applied a workers' compensation offset to his back benefits and that his disability insurance benefits would be subject to offset with the month of attainment of age 62.

## I. PROCEDURAL HISTORY

On August 2, 1993, Plaintiff protectively filed his claim for disability benefits, claiming disability as of November 9, 1992. R. 12. The claim was denied initially and on reconsideration, but by an "on the record" Administrative Law Judge (ALJ) decision of February 27, 1995, Plaintiff was found disabled beginning November 9, 1992. R. 12. Subsequent to the favorable ALJ deci-

sion, Plaintiff received an award letter dated April 11, 1995, stating that a weekly rate of $425.00 was used to compute the workers' compensation offset and that the offset would apply beginning May 1993. Plaintiff filed a request for reconsideration, and after the reconsideration denial, a request for an on-the-record review by an ALJ, challenging these determinations. R.13.

On January 22, 1997, the Honorable Apolo Garcia issued a decision finding that the application of workers' compensation offset was correct, that the Commissioner was not bound by a subsequent addendum to the lump sum settlement dated April 14, 1994, and that Plaintiff's monthly disability benefits would be subject to offset effective with the month Plaintiff attained age 62. R. 107–14. Plaintiff requested review of this hearing decision. R. 116–124. In a decision dated June 18, 1999, the Appeals Council vacated the 1997 hearing decision "because neither the workers' compensation settlement document nor the first addendum are in the record," and remanded the case to the ALJ for further proceedings. R. 125–127.

In a decision dated September 18, 1999, the ALJ determined that Plaintiff's benefits were subject to offset using the periodic weekly rate received from May 1993 to July 1993. R.12–20. He further determined that the Commissioner, in computing the offset applicable from August 1993 through February 1995, properly relied on the weekly rate of $418.27 specified in the original addendum to Plaintiff's July 20, 1993, lump sum settlement agreement. The ALJ also found that the Commissioner was not bound by the later, April 14, 1994, addendum, and that Plaintiff's disability insurance benefits would be subject to offset with the month he attained age 62. R. 12–20. This became the final decision of the Commissioner when the Appeals Council determined on December 29, 2000, that there was no basis for granting Plaintiff's request for review. R. 4–5.

On February 6, 2001, Plaintiff timely appealed the Appeals Council's decision to deny review to the United States District Court. Docket No. 1. On September 21, 2001, Plaintiff filed a memorandum of law in support of his appeal of the denial of review. Docket No. 11. On November 20, 2001, the Commissioner filed a memorandum in support of her decision regarding the workers' compensation offset. Docket No. 12. This Court heard oral argument on January 30, 2002. Docket No. 17. The appeal is ripe for determination.

## II. *THE PARTIES' POSITIONS*

Plaintiff assigns two errors to the Commissioner. Plaintiff claims that the Commissioner erred in failing to use the rate specified in the 1994 addendum to the lump sum settlement in computing Plaintiff's workers' compensation offset. Second, Plaintiff claims that the Commissioner erred by concluding that his disability insurance benefits would be subject to offset with the month of attainment of age 62. The Commissioner argues that substantial evidence supports her calculation of the workers' compensation offset.

## III. *THE STANDARD OF REVIEW*

### A. *Affirmance*

■ The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant

evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir.1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir.1982) and *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *accord, Edwards v. Sullivan*, 937 F.2d 580, 584 n. 3 (11th Cir.1991).

■ Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n. 3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir.1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir.1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

### B. *Reversal and Remand*

■ Congress has empowered the district court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405(g)(Sentence Four). The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir.

1994); *accord Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir.1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). This Court may reverse the decision of the Commissioner and enter an order awarding disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir.1993); *accord, Bowen v. Heckler*, 748 F.2d 629, 631, 636—37 (11th Cir.1984).

■ The district court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both. *Jackson v. Chater*, 99 F.3d 1086, 1089—92, 1095, 1098 (11th Cir.1996). To remand under sentence four, the district court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. *Jackson*, 99 F.3d at 1090—91 (remand appropriate where ALJ failed to develop a full and fair record of claimant's residual functional capacity); *accord Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir.1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

■ Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. *Falcon v. Heckler*, 732 F.2d 827, 829—30 (11th Cir.1984) (remand was appropriate to allow ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work) (treating psy-

chologist acknowledged that claimant had improved in response to treatment and could work in a supportive, non-competitive, tailor-made work environment). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler,* 721 F.2d 726, 729 (11th Cir.1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler,* 734 F.2d 519, 522 n. 1 (11th Cir.1984) (ALJ should consider on remand the need for orthopedic evaluation). After a sentence-four remand, the district court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson,* 99 F.3d at 1089, 1095.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court ... may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish that: 1.) there is new, non-cumulative evidence; 2.) the evidence is material—relevant and probative so that there is a reasonable possibility that it would change the administrative result; and 3.) there is good cause for failure to submit the evidence at the administrative level. *See Jackson,* 99 F.3d at 1090—92; *Cannon v. Bowen,* 858 F.2d 1541, 1546 (11th Cir.1988); *Smith v. Bowen,* 792 F.2d 1547, 1550 (11th Cir.1986); *Caulder v. Bowen,* 791 F.2d 872, 877 (11th Cir.1986); *see also Keeton,* 21 F.3d at 1068.

A sentence-six remand may be warranted even in the absence of an error by the Commissioner if new, material evidence becomes available to the claimant. *Jackson,* 99 F.3d at 1095. With a sentence-six remand, the parties must return to the district court after remand to file modified findings of fact. *Jackson,* 99 F.3d at 1095. The district court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings.[2] *Id.*

## IV. THE LAW

### A. Definition of Disability

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505—404.1511.

### B. Social Security and Workers' Compensation Offsets

The Social Security Act provides that when an individual is eligible for both So-

---

**2.** The time for filing an application for attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ["EAJA"] differs in remands under sentence four and sentence six. *Jackson,* 99 F.3d at 1089, 1095 n. 4 and surrounding text. In a sentence-four remand, the EAJA application must be filed after the entry of judgment before the district court loses jurisdiction. *Id.* In a sentence-six remand, the time runs from the post-remand entry-of-judgment date in the district court. *Id.*

cial Security disability benefits and workers' compensation benefits, the combined benefit amount cannot exceed 80 percent of the individual's pre-disability earnings. 42 U.S.C. § 424a; *see Swain v. Schweiker,* 676 F.2d 543, 547 (11th Cir.), *cert. denied,* 459 U.S. 991, 103 S.Ct. 349, 74 L.Ed.2d 388 (1982). Other circuits have consistently held that an ordinary, lump sum award is to be regarded as a substitute for periodic payments, and, thus, subject to the federal offset. *Campbell v. Shalala,* 14 F.3d 424 (8th Cir.1994); *Black v. Schweiker,* 670 F.2d 108 (9th Cir.1982).

The Social Security Act provides that an offset due to workers' compensation benefits applies during any month prior to the month the worker attains age 65, if the worker's total disability insurance benefits and workers' compensation benefits exceed eighty percent of his pre-disability benefits, and the offset reduces federal benefits by the excess. 42 U.S.C. § 424a(a). There is, however, an exception for "reverse offset" states, i.e., states whose laws provided for the workers' compensation benefits to be reduced when the worker also received Social Security disability benefits, and the state's law so provided on February 18, 1981.

Florida Statutes contain a reverse offset provision; however, § 440.15(10)(c) provides that reverse offset does not apply (and no workers' compensation benefits are reduced by Florida) until the SSA determines the amount payable to the employee and the employee has begun receiving such Social Security benefit payments. Fla. Stat. § 440.15(10)(c) (2001). Florida's reverse offset provisions apply until the month the recipient attains age 62. *Id.* at § 440.15(10)(a).

The Courts have noted Congress' purpose in avoiding a double offset so both state and federal plans would not offset the benefits provided by each other. *See Swain,* 676 F.2d at 547 (11th Cir.), *cert denied,* 459 U.S. 991, 103 S.Ct. 349, 74 L.Ed.2d 388 (1982). To fulfill this purpose, the Social Security workers' compensation offset applies (1) to benefits paid for the period prior to Social Security's adjudication because Florida would not have taken an offset during that period; and (2) to the period following the month an individual attains age 62, when Florida's reverse offset would cease to apply. *See* 42 U.S.C. § 424a; Fla. Stat. Ann. § 440.15(10)(a) and (c).

Title 42 U.S.C. § 424a(b) authorizes the Commissioner of Social Security to determine the appropriate method of prorating a lump sum award. The Commissioner has adopted Program Operations Manual System (POMS) guidelines that explain how SSA adjudicators must calculate the appropriate benefit. The POMS establish a descending order of priority for prorating a lump sum award: (1) the rate specified in the award; (2) the periodic rate paid prior to the lump sum award if no rate is specified in the award; or (3) the state workers' compensation maximum in effect in the year of injury. POMS DI 52001.55C.4.

## V. *APPLICATION AND ANALYSIS*

### A. *The Facts*

Plaintiff sustained a work related injury on January 4, 1989. R. 149. Following his injury, Plaintiff received periodic workers' compensation benefits from January 5, 1989, until July 20, 1993. R. 108. Plaintiff settled his workers' compensation claim for a lump sum of $180,000.00, and, on July 20, 1993, the Judge of Compensation Claims (JCC) approved the June 15, 1993,

stipulation for settlement and accompanying addendum. R. 143–156. Each page of the stipulation, addendum, and accompanying Affidavit of Release is initialed and dated by Plaintiff. R. 128–39, 143–56. The stipulation provided for a weekly compensation rate of $362.00. The addendum stated that the lump sum settlement contemplated a working life expectancy of seven years to age 65, thus providing for a weekly compensation rate of $418.72. R. 144, 156.

In August 1993, Plaintiff applied for Social Security disability benefits. R. 168. Plaintiff sought to amend the lump sum settlement in a second addendum dated April 12, 1994. R. 39. This addendum altered the terms of the 1993 stipulation, stating that the net settlement of $152,000 contemplated a working life expectancy of seventeen years to age 75, thus lowering the weekly compensation rate to $172.21. R. 39.

After Plaintiff was awarded disability, the Commissioner calculated his back benefits and workers' compensation setoff. In determining how to prorate the workers' compensation settlement for purposes of offset, the Commissioner applied the rate specified in the original 1993 addendum appended to the Joint Petition and Stipulation when the JCC approved the Petition. Plaintiff disputed this determination, claiming the Commissioner should have used the rate specified in the 1994 addendum, or the amount in the original 1993 Joint Petition and Stipulation.

### B. *The Analysis*

■ The ALJ properly found that the Commissioner's reliance on the weekly rate of $418.27, specified in the original 1993 addendum of the workmen's compen-

sation settlement agreement, to compute the workmen's compensation offset applicable beginning August 1993 through February 1995, was within the Commissioner's discretionary authority under 20 C.F.R. § 404.408(g). R. 19, Finding No. 5. The ALJ also correctly found that the Commissioner was not bound by the later addendum to the stipulated lump sum agreement signed on April 14, 1994. R. 20, finding 6. Furthermore, the ALJ correctly found that the Commissioner's notice that the Plaintiff's disability benefits would be subject to offset with the month of attainment of age 62 was correct. The ALJ's decision is supported by substantial evidence and is decided by the proper legal standards.

The ALJ's determination that Social Security correctly applied the rate specified in the original 1993 addendum was consistent with the Program Operations Manual System (POMS) guidelines explaining how SSA adjudicators must calculate the appropriate benefit. *See* POMS DI 52001.555C.4. Consistent with POMS guidelines, the SSA and ALJ applied the rate specified in (the addendum to) the lump sum award.

The ALJ decision and reconsideration determination both questioned whether the 1994 addendum was contemplated as part of the original settlement agreement. The ALJ referenced Social Security Ruling 97–3, which states that the "SSA will evaluate both the original and amended stipulations and disregard any language which has the effect of altering the terms of the original lump-sum settlement where the terms in the amended document are illusory or conflict with the terms of the first stipulation concerning the actual intent of the parties, and where, as here, the terms in the amended document would have the effect of circumventing the WC offset provisions of section 224 of the Act."

It is clear that the primary, if not sole, purpose of the 1994 addendum was to circumvent the workers' compensation offset provisions of § 224 of the Act, as the sole change was to increase Plaintiff's working life expectancy.[3] The effects of that sole change would increase the number of years over which the lump sum would be prorated, decrease the weekly compensation rate, and decrease the amount of offset to which Social Security would be entitled. Thus, the terms of the second addendum, if applied, would have the effect of circumventing the offset provisions of § 424a and of congressional intent to avoid duplication of federal and state payments based on disability. Accordingly, the ALJ properly applied the law and his determination to apply the terms of the 1993 addendum, instead of the 1994 addendum, is supported by substantial evidence.

The SSA applied the offset to Plaintiff's past due benefits from May 1993 through March 1995 (the month Plaintiff's benefits were processed) because Plaintiff received workers' compensation benefits for that period. The SSA did not apply the offset to ongoing benefits, but indicated its intent to reimpose the offset in January 1997 when Plaintiff attained age 62.

The reinstatement of the offset when Plaintiff attained age 62 was pursuant to, and consistent with, federal and Florida state law. Essentially, the SSA is permitted to take an offset pursuant to federal law if a reverse offset does not apply until a benefits recipient reaches age 65. 42 U.S.C. § 424a(a). In Florida, the reverse offset applies until Plaintiff reaches age 62.

Fla.Stat. § 440.15(10). Accordingly, the SSA is permitted to reinstate the offset from the month Plaintiff reaches age 62 until he reaches age 65. Thus, the ALJ correctly found the Commissioner's notice reinstating the offset with the month of attainment of age 62 was proper and his decision is supported by substantial evidence.

## VI. CONCLUSION

For the reasons stated above, the decision of the Commissioner is **AFFIRMED.** The Clerk of the Court is directed to enter judgment accordingly and to close the file.

---

**3.** The Court notes that Plaintiff conceded at oral argument that there was no evidence in the record supporting any other intent, but rather, that after Plaintiff filed his Social Security disability application in 1993, the Joint Petition and Stipulation was amended in an attempt to avoid this very problem.