Cletis JUSTUS, SSN: 405–78–1731, Plaintiff,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Defendant.

Civ. A. No. 92–0060–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

March 24, 1993.

Larry Grant Browning, Grundy, VA, for plaintiff.

Richard A. Lloret, Asst. U.S. Atty., Roanoke, VA, for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

Plaintiff filed this action challenging the final decision of the Secretary of Health and Human Services ("Secretary") denying plaintiff's claim that $18,500.00 of his worker's compensation award should not be included in calculating the amount of reduction in his social security disability benefits. Jurisdiction of the court is pursuant to 42 U.S.C.A. § 405(g) (West 1991).

This review is limited to whether there is substantial evidence to support the Secretary's final decision. If substantial evidence exists, this court's "inquiry must terminate," and the final decision of the Secretary must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966). The reviewing court, however, is not so constrained in determining whether correct legal standards were applied. *Hines v. Bowen*, 872 F.2d 56 (4th Cir.1989); *Coffman v. Bowen*, 829 F.2d 514 (4th Cir.1987).

The specific issue is whether plaintiff is entitled to monthly disability insurance benefits without offset for worker's compensation payments. The Secretary awarded plaintiff a period of disability and disability insurance benefits commencing on January 31, 1985, due to a work-related injury. Plaintiff also received worker's compensation benefits in a weekly amount of $233.33 and eventually signed a settlement agreement which awarded him a lump sum of $20,000.00 plus medical treatment for six months. The Industrial Commission of Virginia [1] approved the settlement on December 18, 1986, and allocated $1,500.00 of the lump sum for plaintiff's attorney's fees. (R. at 117–118). The Secretary advised plaintiff that his weekly worker's compensation payment would be offset against his monthly social security disability benefit and that the lump sum of $20,000.00, less the $1,500.00 designated as attorney's fees, would be treated as though it were paid at the rate of $233.33 per week, thus also reducing plaintiff's disability payment. Plaintiff argues that the Secretary erred by not allocating any of the lump sum payment to unpaid medical bills and future medical expenses. If plaintiff is correct, the reduction in his monthly disability benefits would obviously be less.

Section 224 of the Social Security Act, 42 U.S.C.A. § 424a (West 1991), establishes the method by which social security disability benefits are reduced by amounts that a claimant receives "on account of his or her total or partial disability (whether or not permanent) under a workmen's compensation law or plan of the United States or a State ..." 42 U.S.C.A. § 424a(a)(2)(A). The Secretary's regulations provide the rules for making the deduction and allow certain items to be excluded. 20 C.F.R. § 404.408 (1992). Specifically, 20 C.F.R. § 404.408(d) lists the items that are not counted in the reduction:

Amounts paid or incurred, or to be incurred, by the individual for medical, legal, or related expenses in connection with the claim for public disability payments (see § 404.408(a) and (b)) or the injury or occupational disease on which the public disability award or settlement agreement is based, are excluded in computing the reduction under paragraph (a) of this section to the extent they are consonant with the applicable Federal, State, or local law or plan and reflect either the actual amount of expenses already incurred or a reasonable estimate, given the circumstances in the individual's case, of future expenses. Any expenses not established by evidence required by the Administration or not reflecting a reasonable estimate of the indi-

---

1. On October 1, 1991, the Industrial Commission of Virginia changed its name to the Virginia Workers' Compensation Commission.

vidual's actual future expenses will not be excluded. These medical, legal, or related expenses may be evidenced by the public disability award, compromise agreement, a court order, or by other evidence as the Administration may require. This other evidence may consist of:

(1) A detailed statement by the individual's attorney, physician, or the employer's insurance carrier; or

(2) Bills, receipts, or canceled checks; or

(3) Other clear and convincing evidence indicating the amount of expenses; or

(4) Any combination of the foregoing evidence from which the amount of expenses may be determinable.

Plaintiff began having mental problems after he injured his back at work. Dr. James Eden, psychiatrist, has treated plaintiff for several years and opined in a letter dated October 2, 1990, that plaintiff needed continuing psychiatric treatment. According to Dr. Eden, plaintiff owes him $6,617.00; however, the bills in the record from Dr. Eden show a balance due of $3,168.00 as of October 2, 1990. (R. at 145). Plaintiff incurred a substantial portion of the amount owed to Dr. Eden after the Industrial Commission of Virginia approved the settlement agreement. Plaintiff also testified that he continues to see Dr. Frank Sutherland for his back pain.

The Virginia Workers' Compensation Act, Va.Code § 65.2–100 *et seq.* (Michie Repl. Vol.1991), provides for payment when an injured employee suffers total incapacity (Va. Code § 65.2–500), partial incapacity (Va.Code § 65.2–502), permanent loss and disfigurement (Va.Code § 65.2–503), and disability from coal worker's pneumoconiosis (Va.Code § 65.2–504). The employer is also required to provide medical care. Va.Code § 65.2–603 (Michie Repl.Vol.1991). Lump sum payments are authorized "[w]hen the parties agree and the [Virginia Workers' Compensation] Commission deems it to be to the best interests of the employee or his dependents, or when it will prevent undue hardships on the employer, or his insurance carrier, without prejudicing the interests of the employee or his dependents...." Va.Code § 65.2–522 (Michie Repl.Vol.1991). Finally, attorney's fees must be approved by the Virginia Work-

ers' Compensation Commission. Va.Code § 65.2–714 (Michie Repl.Vol.1991).

"[A] workmen's compensation lump sum award is to be regarded as a substitute for periodic permanent disability payments and as such can be offset against social security disability insurance benefits." *Graves v. Richardson*, 358 F.Supp. 1310, 1312 (W.D.Va. 1973). "The offset provision was enacted to prevent the duplication of disability benefits that had resulted in payments in excess of predisability earnings, which was perceived by Congress to have 'reduced the incentive of the worker to return to the job, and impeded the rehabilitative efforts of the state programs.'" *Davidson v. Sullivan*, 942 F.2d 90, 92 (1st Cir.1991) (quoting *Richardson v. Belcher*, 404 U.S. 78, 82–83, 92 S.Ct. 254, 257, 30 L.Ed.2d 231 (1971)).

Plaintiff contends that, since he has unpaid medical bills and will have future medical expenses, some or all of the lump sum settlement should have been allocated to these expenses and not included in calculating the amount of reduction in his disability benefits. Plaintiff makes this argument even though the order approving the settlement did not make any such allocation and specifically stated that plaintiff would receive medical expenses for six additional months. The order also stated that the settlement was a "complete and final release and discharge of all present and future claims" for that particular accident. (R. at 117).

In *Iglinsky v. Richardson*, 433 F.2d 405 (5th Cir.1970), the claimant received weekly worker's compensation benefits plus the maximum statutory medical benefits, but his actual medical expenses exceeded the total amount of worker's compensation that he received. Thus he argued that his medical expenses should have been deducted from his worker's compensation award before applying the reduction under 42 U.S.C.A. § 424a. The court held otherwise and stated that since "[n]o part of Iglinsky's workmen's compensation award was specifically for medical expenses[,] ... no part of the award may be excluded from the offset." *Id.* at 408.

Similarly, the claimant in *Worley v. Harris*, 666 F.2d 417 (9th Cir.1982), received a

lump sum worker's compensation settlement of $33,000.00 in lieu of any further benefits. Worley argued that part of the lump sum should have been allocated to future medical expenses thus reducing the amount of the offset against his social security disability. The court held that, since the settlement agreement made the claimant responsible for future medical bills and constituted a final settlement of the claim, none of the lump sum could be allocated to future medical bills and that the claimant was therefore not entitled to a reduction in the offset.

In the present case, the order of the Industrial Commission of Virginia did not allocate any of $20,000.00 to future medical expenses or to the unpaid medical bills although it did allot $1,500.00 to attorney's fees. The order was also a final settlement of plaintiff's worker's compensation claim and included, in addition to the lump sum, medical expenses for six months. Although Dr. Eden opined in a letter dated October 2, 1990, that plaintiff's "psychiatric disorder is due to his injury" (R. at 132), the court finds no evidence that any of Dr. Eden's bills were paid as part of the worker's compensation claim even before plaintiff entered into the settlement agreement. Thus, the court questions whether plaintiff's psychiatric impairment is due to his work-related back injury.

Therefore, the court finds that plaintiff is not entitled to reduce the offset against his social security disability benefits by the amount of his unpaid medical bills or any estimate of future medical expenses.[2] Had any part of the lump sum been intended for these items, the court has no doubt that the order would have so stated as it did in regard to the attorney's fees. The mere fact that plaintiff has these bills does not mean that part of the lump sum settlement should be allocated to cover them. There must be some evidence, such as language in the order, that demonstrates such an intent and connects the medical expenses to a claim for a work-related injury. When plaintiff entered into the settlement agreement, he surrendered his claim for periodic worker's compensation benefits and medical expenses in return for a lump sum payment plus six

months of medical expenses. As such, the lump sum must be included in figuring the offset under 20 C.F.R. § 404.408. *Graves*, 358 F.Supp. at 1312. Accordingly, the court finds substantial evidence to support the Secretary's final decision and further that the Secretary applied the proper legal standards. The Secretary's decision is therefore affirmed. *Laws*, 368 F.2d at 642.

An appropriate judgment and order will be entered this day.

---

**2.** The record actually does not contain any esti-   mate of future medical expenses.