**Charles B. MEREDITH, Plaintiff**

v.

**Kenneth S. APFEL, Commissioner of Social Security Defendant**

**No. CIV. A. 98–0328–R.**

United States District Court, W.D. Virginia, Roanoke Division.

Feb. 24, 1999.

Amy L. Hansen, Lumsden, Overstreet & Hansen, Roanoke, VA, for Charles B. Meredith, plaintiff.

John F. Corcoran, U.S. Attorney's Office, Roanoke, Randolph W. Gaines, Social Security Administration Office of General Counsel, Baltimore, MD, for Commissioner of Social Security, defendant.

## MEMORANDUM OPINION

CONRAD, United States Magistrate Judge.

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security offsetting $20,000 of plaintiff's lump sum workers' compensation benefits, pursuant to the provisions of 42 U.S.C. § 424a. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g). This case is before the undersigned United States Magistrate Judge pursuant to consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2).

■ This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's decision that plaintiff's disability benefits should be offset by his workers' compensation benefits. 42 U.S.C. § 405(g). If such substantial evidence exists, the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir.1966); *Justus v. Shalala*, 817 F.Supp. 29, 30 (W.D.Va.1993). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. *Richardson v. Perales*, 402 U.S. 389, 400, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

The plaintiff, Charles Meredith, was injured on July 26, 1990. Plaintiff received workers' compensation benefits in the amount of $234.99 per week during the period from February, 1992 through March 17, 1994. (T. 251). Plaintiff filed an application for disability insurance benefits on February 1, 1993. (T. 24–26). Plaintiff's claim was denied initially and upon reconsideration. On April 13, 1994, after an administrative hearing, an Administrative Law Judge issued a fully favorable decision finding plaintiff disabled as of July 26, 1990, and therefore, entitled to a period of disability and disability insurance benefits. (T. 235).

On May 10, 1994, the Commissioner of Social Security notified plaintiff that as a result of his workers' compensation benefits, the amount of disability benefits plaintiff was entitled to receive would change.

(T. 244). Claimant received a retroactive check of $2,349.20 for the period from February of 1992 through April of 1994. (T. 243). The plaintiff was further advised that his monthly disability benefit was reduced to reflect his receipt of weekly workers' compensation payments in the amount of $234.99. (T. 244).

Upon notification that plaintiff had entered into a lump sum workers' compensation settlement, the Commissioner sent plaintiff a Notice of Change of Benefits. (T. 248–50). The workers' compensation settlement order provided that plaintiff would receive a total of $35,000.00 in settlement of his workers' compensation claim. (T. 262–75). After excluding $12,750 of plaintiff's lump sum settlement for legal, medical, and other expenses, the Commissioner offset the remainder of the settlement amount, and informed plaintiff that he would receive a monthly benefit check of $475.00. (T. 248).

Plaintiff requested reconsideration of the Commissioner's redetermination of benefits. (T. 255). On May 1, 1995, the Social Security Administration issued a reconsideration determination concluding that the initial determination was correct and in accordance with the law and regulations. (T. 258–59). The Administration advised plaintiff that $12,750 in legal and medical fees had been excluded from the lump sum settlement amount of $35,000.00, and the balance, $22,250.00, would be prorated at a weekly rate of $149.45 through January 16, 1997. (T. 258).

Plaintiff then requested and received a *de novo* hearing and review before an Administrative Law Judge, which was held on May 21, 1996. (T. 260, 379). In an opinion dated July 29, 1996, the Law Judge also concluded that plaintiff's benefit redetermination was correct. (T. 11–17). The Appeals Council declined to amend the Law Judge's decision, thus making it the final decision of the Commissioner. (T. 4–5). Having exhausted all available administrative remedies, Mr. Meredith now appeals to this court.

The Social Security Act establishes the method by which social security disability benefits are reduced by amounts that a claimant receives "on account of his or her total or partial disability (whether or not permanent) under a workmen's compensation law or plan of the United States or a State ..." 42 U.S.C. § 424a(a)(2)(A). Section 224(b) of the Social Security Act, 42 U.S.C. § 424a(b) states:

> If any periodic benefit for a total or partial disability under a law or plan described in subsection (a)(2) is payable on other than a monthly basis (excluding a benefit payable as a lump sum except to the extent that it is a commutation of, or a substitute for, periodic payments), the reduction under this section shall be made at such time or times and in such amounts as the Commissioner finds will approximate as nearly as practicable the reduction prescribed by subsection (a).

The Commissioner's regulations provide the rules for making the deduction and allow certain items to be excluded. 20 C.F.R. § 404.408 (1992). Specifically, 20 C.F.R. § 404.408(d) provides, in relevant part:

> (d) *Items not counted for reduction.* Amounts paid or incurred, or to be incurred by the individual for medical, legal, or related expenses in connection with the claim for public disability payments ... are excluded in computing the reduction under paragraph (a) of this section .... Any expenses not established by evidence required by the Administration or not reflecting a reasonable estimate of the individual's actual future expenses will not be excluded
> ....

Plaintiff argues that $32,750.00 of the workers' compensation settlement should have been excluded from the offset computation.[1] Specifically, plaintiff asserts that

---

1. Plaintiff alleges that the following amounts should have been excluded from offset:

$7500.00 for future medical expenses,

$20,000.00 of the settlement was designated for rehabilitation and retraining. Plaintiff argues that rehabilitation and retraining benefits are not periodic benefits within the meaning of 42 U.S.C. § 424a(b). He further suggests that rehabilitation benefits, as "related expenses" within the regulations, are excluded from the workers' compensation offset process. *See* 20 C.F.R. § 404.408(d). Finally, plaintiff contends that rehabilitation benefits, which represent bona fide vocational rehabilitation programs received pursuant to a workers' compensation settlement order, are excluded from the workers' compensation offset provision in accordance with Social Security's *Program Operations Manual System (POMS)* § DI52001.025.

The order entered by the Virginia Workers' Compensation Commission on March 17, 1994, specifies that plaintiff was to receive $35,000.00 as a compromise settlement of his workers' compensation claims. (T. 273–74). The order specifically provided that $5,250.00 was to be paid as attorney's fees "for services rendered in this matter," and that "[t]he remaining sum of $29,750.00, such amount being exclusively for the settlement of the claimant's ... entitlements." (T. 275). The order also stated that "the parties have agreed on the lump sum amount of $7500.00 to settle the claimant's claim for [future] medical expenses." (T. 272). In contrast, the provision of the settlement order concerning rehabilitation states that "a controversy exists regarding the employer's and insurers' obligations to provide vocational retraining and educational opportunities to the claimant." (T. 271). The order further states that plaintiff

"desires the settlement of his claim for benefits ... in order to provide him with the funds for the following:

a) to attend either ECPI or Virginia College at a cost of $14,500 and to acquire books and materials needed for his retraining program at a cost of $500,

b) to acquire equipment and other items at a cost of $3,000, such equipment being necessary to practice his new vocation; and,

c) to retain a vocational placement expert to assist him to find employment in his new vocation at a cost of $2,000. The total costs associated with the claimant's rehabilitation and training program is $20,000." (T. 271).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The record reveals that plaintiff's Title II benefits were properly offset based on his receipt of a lump sum award in settlement of his workers' compensation claims. Under these circumstances, the court can only conclude that the Commissioner's final decision is supported by the record.

■ Section 224 of the Social Security Act, 42 U.S.C. § 424a, provides the method by which social security disability benefits are reduced by amounts that a claimant receives under a workers' compensation law or plan. 42 U.S.C. § 424a(a). The offset provision of the Social Security Act was intended to prevent the duplication of disability benefits, which was perceived by Congress to reduce the incentive of the worker to return to the job and ultimately to impede the rehabilitative efforts of the state programs. *Richardson v. Belcher,* 404 U.S. 78, 82–83, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971); *Davidson v. Sullivan,* 942 F.2d 90, 92 (1st Cir.1991). The regulations provide the guidelines for making the deductions and provide for exclusion of certain items of expense. 20 C.F.R. § 404.408(d).

Plaintiff asserts that the Commissioner's calculation of his workers' compensation offset was incorrect. (T. 323). The plaintiff received a lump sum settlement of $35,000.00. The Act provides for the reduction of a lump sum award "to the ex-

$5,250.00 for legal fees, and $20,000.00 for rehabilitation and training.

tent that it is a commutation of, or a substitute for, periodic payments." 42 U.S.C. 424a(b). In *Graves v. Richardson*, 358 F.Supp. 1310 (W.D.Va.1973), the court held that a workers' compensation "lump sum award is to be regarded as a substitute for periodic permanent disability payments and as such can be offset against social security disability insurance benefits." *Graves v. Richardson*, 358 F.Supp. at 1312.

The Commissioner properly excluded from offset $5,250.00 for attorney's fees, and $7,500.00 for future medical expenses. *See* 20 C.F.R. § 404.408(d). The plaintiff does not challenge these offsets. (T. 323). Rather, the plaintiff alleges that an additional $20,000.00 of the settlement amount should be excluded from offset. Specifically, plaintiff alleges that $20,000.00 of the settlement amount was designated for training and rehabilitation, and is therefore excludable from offset under 42 U.S.C. § 424a(b); 20 C.F.R. § 404.408(d). (T. 323, 382). While the legal issue is a close one, the court must agree with the commissioner's conclusion to the contrary.[2]

The regulations allow certain amounts to be excluded from offset. Specifically, "[a]mounts paid or incurred, or to be incurred, by the individual for medical, legal, or related expenses in connection with the claim for public disability payments ... are excluded in computing the reduction." 20 C.F.R. § 404.408(d). However, plaintiff bears the burden of proving that a portion of his workers' compensation settlement is not a substitute for periodic payments and should therefore be excluded from offset. 20 C.F.R. § 404.408(d); *Campbell v. Shalala*, 14 F.3d 424 (8th Cir.1994).

■ In the present case, the settlement order specifically sets forth the amount to be allocated for future medical expenses and attorney's fees, (T. 264.266), but it does not expressly designate $20,000.00 for training and rehabilitation. The settlement order merely indicates "that a controversy exists regarding the employer's and insurers' obligations to provide vocational retraining and educational opportunities to the claimant ... that the claimant now desires to plan and implement his own rehabilitation and retraining program ...." (T. 263). Thus, unlike the provisions of the order regarding attorney's fees and future medical expenses, the order does not direct that $20,000 be used for vocational services. Indeed, the settlement order clearly states that the settlement was in "full and final settlement of any and all claims" by the plaintiff for workers' compensation benefits. (T. 267). Had any part of the lump sum been intended for rehabilitation and training, the court believes that the order would have so stated as it did in regard to the attorney's fees and future medical expenses. Stated differently, the mere mention in the settlement order of plaintiff's desire to implement his own rehabilitation program at a cost of $20,000.00, does not establish that $20,000.00 of the settlement amount was designated a "related expense" and, therefore, not subject to offset.

The court is further of the opinion that other factors support the Law Judge's finding that the $20,000.00 was subject to offset. First, in the view of the court, it seems unlikely that such a large portion of the lump sum settlement was intended only for rehabilitation and training. Under plaintiff's interpretation of the settlement order, he would have received only $2,250.00 for periodic payments in lieu of workers' compensation benefits, while receiving $20.000.00 for vocational rehabilita-

---

**2.** In the proceedings before the Law Judge, plaintiff relied on *MacQuarrie v. Secretary of Health and Human Servs.*, 639 F.Supp. 1357 (D.Mass.1986), for the proposition that the rehabilitation costs should be excluded from offset. The court agrees with defendant that the decision in *MacQuarrie* lends little persua-

sive support to plaintiff's arguments in the present case. See *Davidson v. Sullivan*, 942 F.2d 90, 95 n. 7 (1st Cir.1991) (holding that the court in *MacQuarrie* did not address what rehabilitation expenses should be subject to offset).

tion and training. These numbers alone lend support to a finding that, notwithstanding the memorialization of plaintiff's desire to spend $20,000.00 of the lump sum settlement on rehabilitation, this portion of the lump sum settlement was also intended to compensate him for periodic payments. Second, the Law Judge's conclusions are consistent with the Social Security Program Operations Manual System DI 52001.025, which states that "[a]n amount set aside for a worker's compensation lump sum award for rehabilitation, but not representing a bona fide, directed plan for specific services, is offsetable." Finally, and perhaps most importantly, the record before the court discloses that plaintiff never actually used all of the $20,000.00 for a vocational rehabilitation program. Therefore, the surrounding circumstances support the Law Judge's conclusion that the settlement order did not expressly designate the $20,000.00 for a vocational rehabilitation program and that plaintiff had unbridled discretion under the settlement order as to how to use the $20,000.00.

As a general rule, resolutions of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve conflicts differently. *Richardson, supra; Oppenheim v. Finch,* 495 F.2d 396 (4th Cir.1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. The remaining amount of the settlement, including the $20,000.00 plaintiff alleges was for rehabilitation, was clearly a "commutation of, or a substitute for, periodic [workers' compensation] payments" and therefore not excludable. 42 U.S.C. § 424a(b). The court concludes that the Commissioner was correct in finding that the entire $22,250.00 of plaintiff's workers' compensation settlement award was a substitute for periodic payments and was therefore not excludable from offset. Thus, the court finds substantial evidence to support the Commissioner's final decision. According-

ly, the final decision of the Commissioner must be affirmed. *Laws, supra.* An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.