**William C. ALLEN, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner, Defendant.**

**No. CIV.A. 98–009–C.**

United States District Court,
W.D. Virginia,
Charlottesville Division.

Sept. 21, 1999.

Charles Cooper Geraty, III, Geraty, Maqueen & Vitt, Charlottesville, VA, for Plaintiff.

Alonzo H. Long, U.S. Atty's Office, Roanoke, VA, for Defendant.

MICHAEL, District Judge

On July 26, 1999, the presiding United States Magistrate Judge filed a Report and Recommendation regarding the above-captioned case in accordance with an Order by the court directing the Magistrate to conduct such proceedings as he may deem appropriate and to submit to the court proposed findings of fact and recommendations for the disposition of this case pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate recommended to the court that it reverse the Appeals Council decision dated December 16, 1997, and remand the case to the Commissioner for the sole purpose of calculating the proper offset excluding the sums awarded to the plaintiff for rehabilitative services under the state workers' compensation award. The defendant objects to the Report and Recommendation. Under § 636(b)(1)(C), this court "shall make a de novo determination of those portions of the report ... to which the objection is made." Having thoroughly considered the issue, the court agrees with the result in the matter, however, will clarify the Report and Recommendation.

I.

The claimant suffered compensable injuries from an accident resulting in a disability which occurred on November 4, 1991. In a decision dated November 21, 1993, an Administrative Law Judge (hereinafter "ALJ") found the plaintiff disabled and entitled to a period of Social Security disability and disability insurance due to his injury. In addition to the Social Security benefits, on August 4, 1993, the parties agreed to settle their state worker's compensation dispute regarding the level of work activity in which the claimant may partake. The settlement provided that the plaintiff would receive "continued medical treatment for two (2) years ... from the date of entry of the settlement order; FIFTY THOUSAND DOLLARS ($50,-000.00), to be paid in a lump sum, less the approved attorney's fee as provided for in the Order; and no further rehabilitation services." (Settlement, R. at 236–38.) In a Virginia Worker's Compensation Commission Order (hereinafter "Settlement Order"), the Deputy Commissioner approved the settlement and ordered that the monetary award, less the approved attorney's fee, "be paid to the Claimant in a lump sum; and that the sum be apportioned one-third (⅓) for relinquishment of weekly case compensation benefits, one-third (⅓) for relinquishment of lifetime medical benefits after two (2) years from the date of the settlement Order is entered, and one-third (⅓) for relinquishment of further rehabilitation services. Further the wage earner reserves the right to designate to the Social Security Administration any other allowable formulation which might otherwise be in his best interest." (Settlement Order, R. at 234–35.)

Under 42 U.S.C. § 424a(a), Social Security benefits should be reduced "[i]f for any month prior to the month in which an individual attains the age of 65" the individual receives both Social Security benefits and "periodic benefits on account of his or her total or partial disability under a workmen's compensation law or plan of the United States or a State." Based on this provision, the Administration sought to reduce the claimant's Social Security benefits.

On February 9, 1996, and again on June 18, 1996, the claimant requested a hearing before an ALJ to determine whether the portion of the lump sum settlement attributed to the "relinquishment of further rehabilitation services" must be offset against the federal benefits to which the claimant and his auxiliary beneficiaries are entitled.[1] On February 13, 1997, an ALJ recommended to the Appeals Council that the plaintiff's benefits not be reduced as the portion set aside for rehabilitative services cannot be considered "periodic benefits" or "periodic payments." (Recommended Decision, R. at 14–20.) The Appeals Council chose not to adopt the ALJ decision, determining that "the language in the structured settlement apportioning $14,166.67 to vocational rehabilitation services is not controlling on the Administration," because the plaintiff was not specifically required to use this money for rehabilitation services. (Decision of Appeals Council, R. at 7–11.) As such, the Appeals Council included the money set aside for rehabilitation services in reducing the plaintiff's Social Security benefits. Upon his review of that decision, the Magistrate determined that the benefits were not periodic. However, he held that under *Justus v. Shalala*, 817 F.Supp. 29 (W.D.Va.1993), "both

future medical and rehabilitative services qualify for the exclusion from offset under the Act so long as the claimant is able to prove they were considered in arriving at the compensation settlement award and they reasonably reflect the value of those future services." (Report & Recommendation at 3.) The defendant objects to this reading of *Justus*. In response, the plaintiff reiterates that payments for rehabilitative services are not periodic, and thus, should be excluded from the reduction calculation.

## II.

In reviewing a Commissioner's final decision in a Social Security case, a court's " 'inquiry must terminate,' and the final decision of the [Commissioner] must be affirmed" if substantial evidence exists to support the decision. *Justus v. Shalala*, 817 F.Supp. 29, 30 (W.D.Va.1993). However, a court is "not so constrained in determining whether correct legal standards were applied." *Id.* (citing *Hines v. Bowen*, 872 F.2d 56 (4th Cir.1989); *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987)). The disputed issue in the present case is whether a lump sum set aside for rehabilitation services in a Settlement Order should be excluded when determining the reduction of Social Security benefits. This is purely a legal question, and as such, the court is not constrained by the substantial evidence standard.

The Social Security Act requires a reduction in Social Security benefits when the aggregate benefits paid under state and federal programs exceed eighty percent (80%) of the claimant's average monthly earnings prior to the disability. *See* 42 U.S.C. § 424a(a); *Justus*, 817 F.Supp. at 30. The purpose of this reduc-

---

1. It is undisputed that the portion attributed to "relinquishment of lifetime medical benefits" is excluded from the reduction calculation under 20 C.F.R. § 404.408 which states, "Amounts paid or incurred, or to be incurred, by the individual for medical, legal, or related expenses in connection with the ... the injury or occupational disease on which the ... set-

tlement agreement is based, are excluded in computing the reduction." *See also Iglinsky v. Richardson*, 433 F.2d 405, 407 (5th Cir. 1970) (stating "the 424a offset is inapplicable to payments made under a state workmen's compensation program as reimbursement for medical expenses.")

tion is to "ensure that a claimant who was also entitled to benefits under a state compensation program did not, by virtue of his right to payments from two sources, receive excessive compensation for the same injury." *Iglinsky v. Richardson*, 433 F.2d 405, 407 (5th Cir.1970). Congress believed the reduction provision was essential or disabled workers might be induced to stay on benefits longer than necessary. *See Justus*, 817 F.Supp. at 31 (citing *Richardson v. Belcher*, 404 U.S. 78, 82–83, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971); *Davidson v. Sullivan*, 942 F.2d 90, 92 (1st Cir.1991)).

However, for the federal benefits to be reduced a plaintiff must also receive either "periodic benefits" under a workmen's compensation law or "periodic benefits ... under any other law or plan of the United States, a State, a political subdivision, or an instrumentality of two or more States." 42 U.S.C. § 424a(a)(1) & (2). Either way, the reduction requires that the benefits, other than federal benefits, be periodic. However, the type of payment in the present case was a lump sum settlement. If a lump sum payment "is a commutation of, or a substitute for, periodic payments," then a reduction "shall be made at such time or times and in such amounts as the Commissioner of Social Security finds will approximate as nearly as practicable" the regular reduction of periodic payments. 42 U.S.C. § 424a(b). Thus, even a lump sum payment requires the "periodic" analysis.

 Black's Law Dictionary defines periodic as "[r]ecurring at intervals; to be made or done to happen, at successive periods separated by determined intervals of time." Black's Law Dictionary 1138 (6th ed.1990). Payments for rehabilitative services are generally provided when needed, rather than on a recurrent basis. As the ALJ concluded, nothing in the record suggests that these payments would be provided at regular, fixed or determined intervals. As payments for rehabilitative services are not periodic, the Commissioner cannot consider them in de-

termining whether a reduction is necessary under Section 424a.

Even if the payments were periodic they still should be excluded from the reduction calculation based on *Justus v. Shalala*, 817 F.Supp. 29 (W.D.Va.1993). In *Justus*, the plaintiff began having mental problems after settling his worker's compensation claim for his back injury. *Id.* at 31. The settlement order was a final settlement of the plaintiff's worker's compensation claim. The order set aside money for attorney fees; however, it did not allocate any of the lump sum payment to future medical expenses or unpaid medical bills. *See id.* at 32. The court refused to exclude the unpaid mental health bills from the reduction calculation asserting, "[h]ad any part of the lump sum been intended for these items, the court has no doubt that the order would have so stated as it did in regard to attorney's fees.... There must be some evidence, such as language in the order, that demonstrates such an intent and connects the medical expenses to a claim for a work-related injury." *Id.* at 32.

Unlike *Justus*, the Settlement Order in the present case specifically allocates one-third (⅓) of the lump sum minus attorney's fees to further rehabilitation services. This indicates that the parties, or at least the Deputy Commissioner reviewing the settlement, considered that fees for future rehabilitative services would likely be incurred based on the plaintiff's injuries. To buttress this deliberation, the plaintiff provided an expert who pronounced that $14,166,67, one-third of the lump sum, was a reasonable estimate of fees for rehabilitation services over the plaintiff's lifetime. Thus, as the Magistrate recognized, the rehabilitative services in this case qualify to be excluded from the reduction calculation, because such services were considered and given value to in the Settlement Order.

III.

The lump sum payment allocated to rehabilitative services in the Settlement Or-

der cannot be considered in reducing the plaintiff's federal disability benefits. The reduction provision of the Social Security Act requires that a claimant must receive federal benefits along with "periodic" benefits from another law for an offset to occur. As payments for rehabilitative services are not "periodic," the portion of the settlement attributed to those services cannot be entertained in determining whether a reduction is necessary.

An appropriate order this day shall issue.

## ORDER

This court referred the above-captioned case to the presiding United States Magistrate Judge for proposed findings of fact and recommendation, subject to review by this court, on whether the final agency decision is supported by substantial evidence or whether there is good cause to remand the case for further proceedings. On July 26, 1999, the Magistrate Judge filed his Report and Recommendation, holding that the lump sum payment set aside in the parties' worker's compensation settlement should be excluded from the offset calculation reducing the plaintiff's Social Security benefits.

The defendant filed an objection to the Report and Recommendation on August 11, 1999, and the plaintiff filed a response to the objection on August 23, 1999. Under 28 U.S.C. § 636(b)(1)(B) & (C), this court "shall make a de novo review determination of those portions off the report ... to which the objection is made." After a thorough examination of the defendant's objection, the supporting memoranda, the applicable law, the documented record, and the Report and Recommendation, this court overrules the defendant's objection. For the reasons stated in the accompanying memorandum Opinion, it is this day

## ADJUDGED AND ORDERED

that:

1. The Magistrate Judge's Report and Recommendation will be adopted in part.

2. The defendant's August 11, 1999 objection to the Report and Recommendation of the United States Magistrate Judge is OVERRULED.

3. The lump sum payment in the parties' worker's compensation settlement allocated to rehabilitative services shall be, and hereby is, EXCLUDED from the reduction calculation of the Social Security Act. *See* 42 U.S.C. § 424a(a).

The Clerk of the Court is hereby directed to send a certified copy of this Order to the Magistrate Judge and to all counsel of record.