Patricia K. KOBER, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant.

No. Civ.A. 3:99CV00099.

United States District Court,
W.D. Virginia,
Charlottesville Division.

Feb. 5, 2001.

Charles Cooper Geraty, II, Geraty, Mac-Queen & Vitt, Charlottesville, VA, for Plaintiff.

Julie C. Dudley, U.S. Attorney's Office, Roanoke, VA, for Defendant.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

The issue in this case is whether a sum paid to the plaintiff as part of a worker's compensation settlement should offset the plaintiff's social security disability benefits, when the settlement specifically allocated that sum to be used for future vocational rehabilitation. An Administrative Law Judge ("ALJ") found that the sum should reduce the plaintiff's disability benefits. The presiding United States Magistrate Judge recommended that the court affirm the decision, and the plaintiff filed timely objections. For the reasons stated below, the plaintiff's objections shall be overruled, the decision recommended by the Magistrate Judge shall be accepted, and the Commissioner's final decision shall be affirmed.

I.

In August 1988, the plaintiff suffered an injury to her shoulder and neck while working. She requested state workers' compensation. and began receiving weekly payments on August 24, 1988. She subsequently applied to the Social Security Administration ("SSA") for disability insurance benefits under the Social Security Act, see 42 U.S.C.A. §§ 401–33 (West 1991 & Supp.2000), because her injuries exacerbated a preexisting back condition. On April 21, 1993, an ALJ found that the plaintiff was disabled, and she was awarded social security benefits. Her award was offset by the amount she was receiving in weekly workers' compensation payments. See id. § 424a.

At the time of the ALJ's decision, the plaintiff apparently still had an outstanding claim for workers' compensation. Her employer ultimately agreed to a lump sum settlement of the claim in the amount of $35,000, pursuant to the Virginia Worker's Compensation Act. See Va.Code Ann. §§ 65.2–500 to –503, –603 (Michie Supp. 2000). The Virginia Workers' Compensation Commission approved the settlement

by order dated August 3, 1993 ("Settlement Order"). Of the $35,000 lump sum to be paid to the plaintiff, the Settlement Order assigned $5250 to attorney's fees, and specifically allocated the remainder, *i.e.* $29,750, as follows: "one-third (⅓) [$9916.67] for relinquishment of weekly cash compensation benefits, one-third (⅓) [$9916.67] for relinquishment of lifetime medical benefits after 12 months from the date the settlement Order is entered, and one-third (⅓) [$9916.67] for relinquishment of future rehabilitation services." (R. at 208.) The order foreclosed further access to the rehabilitation provisions of the Worker's Compensation Act, and concluded that the plaintiff "reserves the right to designate to the Social Security Administration any other allowable formulation which might otherwise be in her best interest." (R. at 208.)

The SSA subsequently notified the plaintiff that the lump sum settlement would result in a further offset against her disability insurance benefits. On the plaintiff's objection, the SSA recalculated the amount of offset, and agreed that the portions of the settlement proceeds relating to attorney's fees and future medical expenses should not offset her social security award. However, the SSA continued to assert that the payment for rehabilitation should offset the award. The plaintiff requested review by an ALJ.

On July 23, 1997, the ALJ issued his decision. He recognized that the regulations at issue "only authorize offset for amounts attributable to periodic payments," (R. at 18), that amounts received for relinquishment of a claimant's right to receive rehabilitation services are not "periodic," and that, therefore, disability benefits ordinarily should not be offset by such amounts. Upon consideration of the evidence, however, he found that vocational rehabilitation of the plaintiff is not feasible: The previous ALJ had found her "completely disabled," (R. at 17); the plaintiff had not undergone any vocational rehabilitation in the seven years since the

onset of her disability; and a vocational specialist hired by the plaintiff reported that she "would have been, and continues to be, a poor candidate for vocational rehabilitation." (R. at 17.) The ALJ concluded that the $9916.67 allocated to future vocational rehabilitation expenses in the Settlement Order "does not represent a reasonable estimate of expenses likely to be incurred in a bona fide plan for rehabilitation," (R. at 16), and that it "actually represent[s] monies allocated for the relinquishment of the right to future weekly cash payments and, as such, should not be excluded from offset." (R. at 18.)

The plaintiff appealed to the SSA Appeals Council, which denied her request for review on September 8, 1999. This denial became the Commissioner's final decision, and the plaintiff appealed to this court pursuant to 42 U.S.C. §§ 405(g).

The matter was referred to the Magistrate Judge to set forth findings, conclusions, and recommendations for its disposition. *See* 28 U.S.C.A. § 636(b)(1)(B) (West 1993 & Supp.2000). On May 23, 2000, the Magistrate Judge issued his Report and Recommendation. He reported an apparent split among the courts in this district over the permissibility of using workers' compensation rehabilitation payments to offset social security benefits. *Compare Allen v. Apfel,* 65 F.Supp.2d 391 (W.D.Va. 1999) (Michael, J.) (finding as a matter of law that workers' compensation payments for rehabilitation services may not be used to offset social security benefits), *with Meredith v. Apfel,* 51 F.Supp.2d 713 (W.D.Va.1999) (Conrad, Mag. J.) (applying substantial evidence standard of review, and holding that substantial evidence supported Commissioner's decision to use rehabilitation payments to offset social security benefits). In an attempt to reconcile these cases, the Magistrate Judge found that they stood for the following proposition:

> [I]n order for amounts to be excluded from offset as '[non-] periodic payments' ... they not only must be so denom-

inated in the worker's compensation settlement agreement in a manner that would render them excluded, they also must be found to be determinable from the evidence.... Otherwise, simply by characterizing payments in a settlement as something they are not, Social Security claimants could avoid the offset provision of the Act.

(Report & Recommendation at 5–6.) Applying the substantial evidence standard of review, the Magistrate Judge concluded that the inconsistencies in the vocational expert's report provided adequate support for the ALJ's decision that the amounts designated for rehabilitation were not *bona fide*. The Magistrate Judge accordingly recommended that the court affirm the Commissioner's decision.

The plaintiff filed timely objections on June 12, 2000. *See* Fed.R.Civ.P. 72(b).

## II.

■ The court reviews *de novo* those portions of the report or specified proposed findings or recommendations to which objection was made. *See* 28 U.S.C.A. § 636(b)(1) (West 1993 & Supp. 2000). Ordinarily, the court must determine whether the Commissioner's findings are supported by substantial evidence, and whether the correct legal standards were applied. *See* 42 U.S.C.A. § 405(g) (West Supp.2000); *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir.1990). In this case, the appropriate standard of review is in dispute. Accordingly, the court first must decide whether the issues presented are questions of law or questions of fact. Second, the court must apply the appropriate standard of review to this case.

## A.

■ The Social Security Act provides that disability benefits are to be reduced if a claimant receives both social security benefits and "periodic benefits on account of his or her total or partial disability" under state workers' compensation laws. 42 U.S.C. § 424a(a)(2)(B) (West Supp. 2000). "[T]he reduction requires that the benefits, other than federal benefits, be periodic." *Allen,* 65 F.Supp.2d at 394. In other words, if the workers' compensation payments are non-periodic, they may not be used to reduce the plaintiff's social security benefits. A workers' compensation lump sum payment will reduce the social security benefits only if it is "a commutation of, or a substitute for, periodic payments." 42 U.S.C. § 424a(b) (West Supp. 2000). "Thus, even a lump sum payment requires the 'periodic' analysis." *Allen,* 65 F.Supp.2d at 394.

In *Allen,* this court held that the question of whether payments allocated for rehabilitative services should offset social security disability benefits is a question of law, not subject to the substantial evidence standard of review, and that, as a matter of law, such payments may not offset social security benefits. *See id.* at 393–94. By contrast, in *Meredith,* Magistrate Judge Conrad did apply the substantial evidence standard of review. He held that substantial evidence supported the ALJ's finding that payments allocated to rehabilitation should offset social security benefits. *See* 51 F.Supp.2d at 717–18.

The plaintiff asserts that the holding in *Allen* is dispositive. She contends it establishes as a matter of law that the ALJ erred by including the payments for rehabilitative services in the offset. Her argument is persuasive. However, the Magistrate Judge's concerns about a claimant subverting the offset rules, by specifically allocating part of the workers' compensation lump sum to what she knows are non-periodic payments, are valid concerns. More importantly, they are supported by the most recent case in this district to address the issue. *Wilson v. Apfel,* 81 F.Supp.2d 649 (W.D.Va.2000) (Jones, J.). Like the Magistrate Judge in this case, Judge Jones attempted to reconcile the apparently conflicting decisions within this

district. In circumstances very similar to those presented here, Judge Jones held that courts faced with interpreting the offset provisions of the Social Security Act should conduct a two-part review. First, the court should determine—as a matter of law—whether the amounts allocated in the workers' compensation settlement order are "periodic" benefits. *See id.* at 652 (citing *Allen*). Second, the court should determine—as a question of fact—whether the allocation "was a sham, meant to circumvent the rule that periodic payments will reduce benefits." *Id.* at 653.

■ Although this court did not explicitly conduct the second inquiry in *Allen*, it did so implicitly. *See* 65 F.Supp.2d at 394. This court now finds explicitly that the second inquiry is appropriate, and consistent with the relevant statutes and regulations. Non-periodic payments may be excluded from offset only if they "reflect either the actual amount of expenses already incurred or a reasonable estimate, given the circumstances in the individual's case, of future expenses." 20 C.F.R. § 404.408(d) (2000). In this regard, it is the plaintiff's burden to show that the purportedly non-periodic lump sum is not actually "a commutation of, or a substitute for, periodic payments," 42 U.S.C.A. § 424a(b) (West Supp.2000). *See Meredith*, 51 F.Supp.2d at 717. In other words, the designation of certain payments as non-periodic cannot be a "sham." *Wilson*, 81 F.Supp.2d at 653.

■ Therefore, the court shall conduct a two-part review. The first question is whether the amount allocated to rehabilitation is periodic or non-periodic. This is a question of law, subject to *de novo* review. The second question is whether the settlement's allocation of part of the lump sum for rehabilitation was a "sham." This is a question of fact, subject to the deferential "substantial evidence" standard of review.

## B.

■ The first question is easily resolved: "As a matter of law, payments for rehabilitative services are not 'periodic,' and cannot be used to offset social security awards." *Wilson*, 81 F.Supp.2d at 652 (citing *Allen*). Because the ALJ recognized this, (*see* R. at 18), he did not apply an incorrect legal standard.

■ The second question is one of fact. The ALJ essentially found that although rehabilitation payments are non-periodic, the allocation of part of the lump sum to rehabilitation was a "sham," and that that part "actually represent[s] monies allocated for the relinquishment of the right to future weekly [*i.e.* periodic] cash payments." (R. at 18.) The court must determine whether this finding is supported by substantial evidence.

Such evidence may include "the public disability award, [a] compromise agreement, a court order, or ... other evidence." 20 C.F.R. § 404.408(d) (2000). Here. the Settlement Order's specific allocation of one-third of the lump sum for rehabilitative services aligns this case with those that *did not* permit the lump sum to offset the social security award. *See, e.g., Wilson*, 81 F.Supp.2d at 651 (reversing Commissioner where the language of the worker's compensation settlement order specifically allocated "one-third (⅓) for relinquishment of further rehabilitation services"); *Allen*, 65 F.Supp.2d at 394 (same, and noting that the specific allocation of one-third of the lump sum for rehabilitative services "indicates that the parties, or at least the Deputy Commissioner reviewing the settlement, considered that fees for future rehabilitative services would likely be incurred based on the plaintiff's injuries").

However, the evidence suggesting that the portion of the lump sum designated for rehabilitation is unlikely to be used for rehabilitation aligns this case with those that *did* permit the lump sum to offset the social security award. *See, e.g., Meredith*, 51 F.Supp.2d at 717–18 (affirming Commissioner, where the amount allocated, to rehabilitation was disproportionately large,

and where plaintiff did not use all of the allocated amount for rehabilitation). Here, the plaintiff's own vocational expert opined that she "would have been, and continues to be, a poor candidate for vocational rehabilitation." (R. at 250.) This opinion is corroborated by the fact that she previously was adjudged completely disabled, and by the fact that she did not incur any rehabilitative expenses during the seven years following the onset of her disability.

The plaintiff argues that the report of her vocational expert was not completely unfavorable, and that the proper question is whether a viable rehabilitation claim existed at the time of the settlement. However, even if the proper question is as she has stated, the answer depends on the particular circumstances of the case, not simply on the language of the Settlement Order. The Magistrate Judge found that the apparent internal inconsistency in the expert's report, and the apparent conflict between the Settlement Order and the plaintiff's failure to obtain any rehabilitation over a seven-year period, created a dispute of fact that the ALJ was well-positioned to resolve. The court agrees.

As the presiding officer at the administrative level, the ALJ is in the best position to make findings of fact and resolve conflicts in the evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The Commissioner's decision, "if supported by substantial evidence, must be affirmed even though the reviewing court believes that substantial evidence also supports a contrary result." *Estep v. Richardson*, 459 F.2d 1015, 1017 (4th Cir.1972). The court finds that the ALJ's resolution of the evidentiary conflicts was not erroneous. Substantial evidence supports his determination that the amount purportedly designated for rehabilitation "actually represent[s] monies allocated for the relinquishment of the right to future weekly cash payments." (R. at 18.)

## III.

In sum, the court reaffirms its previous holding in *Allen*, that workers' compensation payments for rehabilitative services are non-periodic, and may not be used to offset a claimant's social security benefits. However, substantial evidence supports the ALJ's finding that the $9916.76 of the plaintiff's lump sum settlement, purportedly allocated for rehabilitative services, actually represented a commutation of periodic cash benefits. The plaintiff's objections shall be overruled, the Magistrate Judge's recommendation shall be accepted, and the Commissioner's decision shall be affirmed.